UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KUN HE

    Defendant.

_____

## COMPLAINT

Plaintiff, UNITED STATES OF AMERICA ("USA"), by and through its undersigned counsel sues Defendant, Kun He and alleges as follows:

### JURISDICTION AND PARTIES

1. This is a civil action arising under the Constitution, laws, or treaties of the United States, and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 et seq. for the purposes of determining a question of actual controversy between the parties.

2. This action is brought by the United States on behalf of the Secretary of the Department of Housing and Urban Development (HUD) and has been brought to vindicate the sovereign rights and pecuniary interests of HUD and to quiet title to a HUD owned property as described herein.

3. Defendant, KUN HE, resides in Hillsborough County, Florida within the jurisdiction of this Court.

## VENUE

4. Venue is proper in this Court as the cause of action accrued in Hillsborough County, Florida which is within the Middle District of Florida, pursuant to 28 U.S.C. §1391(b).

## BACKGROUND

5. HUD is the owner of Unit 9642, Building 29 of Lake Chase Condominium, as described below:

> CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9642, BUILDING 29, OF LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH; AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK 14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968 THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH 2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTRY, FLORIDA.
>
> FOLIO NUMBER 102817820000029096420U (the subject property).

6. HUD derived title to the subject property via a Special Warranty Deed and pursuant to the National Housing Act, 12 USC §1701, et. seq. HUD's Warranty Deed was recorded on August 19, 2010 in the Public Records of Hillsborough County, Florida in Official Records Book 20037 at Page 57. A copy of the Special Warranty Deed is attached hereto as Exhibit "A".

7. On November 22, 2010, Lake Chase Condominium Association filed a lien, purportedly for unpaid condominium assessments against the subject property.

8. On December 21, 2010, Lake Chase Condominium Association, Inc. filed a complaint in Hillsborough County Court seeking damages and to foreclose the aforementioned lien. The case was filed under Case #10-34561.

9. The County Court Affidavit of Service indicates that on December 27, 2010, a copy of the complaint and a 20 day summons was left with an "Authorized Agent" for HUD in Washington, DC. as the sole means of serving HUD.

10. HUD never appeared in the County Court case.

11. On January 31, 2011, the County Court Clerk, based on the aforementioned Affidavit, entered a default against HUD.

12. On October 5, 2011, the County Court Judge entered a Final Judgment After Default in favor of Lake Chase Condominium Association, Inc, and against HUD, setting a sale date for November 18, 2011. A copy of the Final judgment is attached hereto as Exhibit "B"

13. On November 18, 2011 the County Court "sold" the subject property to Matera Homes Inc. On November 29, 2011 the Clerk of the County Court issued a Certificate of Title to Matera Homes, Inc. The Certificate of Title was recorded on December 1, 2011 in the Public Records of Hillsborough County, Florida in Official Records Book 20830 at Page 1734-1734. A copy of the Certificate of Title is attached hereto as Exhibit "C".

14. On January 5, 2012, Matera Homes Inc., issued a Special Warranty Deed to Kun He the Defendant herein. The Special Warranty Deed was recorded on January 10, 2012 in the Public Records of Hillsborough County, Florida in Official Records Book 20896 at Page 831. A copy of the special Warranty Deed is attached hereto as Exhibit "D".

### COUNT I - QUIET TITLE

15. Plaintiff realleges Paragraphs 1-14 as if fully set forth herein.

16. The County Court had no personal jurisdiction over HUD as HUD was never properly served.

17. The County Court had no subject matter jurisdiction over HUD as there is no

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

jurisdiction in State Court to sue the federal government for damages of the type sought by Lake Chase Condominium Association, Inc.

18. The County Court had no subject matter jurisdiction to foreclose a lien on property owned by the federal government, as the foreclosure remedy does not exist against property owned by the federal government.

19. The Foreclosure Judgment, Certificate of Title, and Warranty Deed are all void as they are based on the County Court action for which there was no subject matter jurisdiction and no personal jurisdiction.

20. The above described documents cast clouds on the title of the Plaintiff.

21. The Defendant KUN HE may claim an interest in the subject property but any such interest it may claim is void and therefore inferior to HUD's ownership interest.

22. USA has retained the undersigned attorney and has agreed to pay the attorney a reasonable fee for the services rendered on this issue.

23. Plaintiff is entitled to a Final Judgment removing the alleged clouds from the title of the land forever and quieting title in the Plaintiff and those claiming under Plaintiff since the commencement of the action and adjudging Plaintiff to have good, fee-simple title to said land or interest therein cleared of the cloud.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

    A. Take jurisdiction of this cause and the parties hereto.

    B. Enter a Final Judgment quieting title of the property in the Plaintiff and removing the clouds created by the County Court Final Judgment, Certificate of Title, and Warranty Deed.

    C. Enter any further relief as may be deemed just and proper.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

Dated: <u>June 19, 2012</u>

        Respectfully Submitted,

        BECKER & POLIAKOFF, P.A.
        Attorneys for Plaintiff
        121 Alhambra Plaza, 10th Floor
        Coral Gables, FL 33134
        Telephone: (305) 262-4433
        Facsimile: (305) 442-2232

        By: <u>s/ Steven M. Davis</u>
        Steven M. Davis, Esq.
        Florida Bar No. 894249
        SDavis@becker-poliakoff.com

ACTIVE: U06092/331639:3917105_1