UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8.12-CV-1381

UNITED STATES OF AMERICA,

       Plaintiff,

v.

KUN HE,

       Defendant.

---

## FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, KUN HE ("HE"), by and through its undersigned counsel, answers the

Complaint of Plaintiff, UNITED STATES OF AMERICA ("USA") and alleges as follows:

### JURISDICTION AND PARTIES

1.    Admitted as to jurisdiction pursuant to 28 U.S.C. § 1345, otherwise Denied.

2.    Admitted.

3.    Admitted.

### VENUE

4.    Admitted.

### BACKGROUND

5.    Denied.

6.    Admitted.

7.    Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

## COUNT I – QUIET TITLE

15.     Defendant restates Admissions and Denials as previously set forth.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Admitted.

21.     Admitted as to Defendant's ability to claim interest in the subject property,

otherwise Denied.

22.     Without knowledge, therefore Denied.

23.     Denied.

## FIRST AFFIRMATIVE DEFENSE TO COUNT I – QUIET TITLE

24.     The County Court proceeding conducted the judicial foreclosure sale and issued a

Certificate of Title on the same on November 29, 2011. See Defendant's Exhibit "A".

25.     The Defendant, Kun He, paid $85,000.00 to the purchaser at the foreclosure sale and acquired a Warranty Deed to the subject property on January 5, 2012. See Defendant's Exhibit "B".

26.     Defendant Kun He's deed was recorded in the Official Records of Hillsborough County on January 10, 2012.

27.     The Plaintiff made no appearance in the proceedings in County Court, nor objections to the same, until January 19, 2012. See Docket, Defendant's Exhibit "C".

28.     The County Court has not vacated the Final Judgment of Foreclosure, has not quashed service upon Plaintiff, and has not vacated the sale.

29.     A bona fide purchaser for value and without notice who takes deed from a purchaser at a judicial sale *is not affected by defects and irregularities in the proceeding* where upon the face of the record the court had jurisdiction of the parties and the subject matter. *Klinger v. Milton Holding Co.* 186 So.526, 535 (Fla. 1938).

30.     The Defendant Kun He received a warranty deed from the purchaser at the foreclosure sale, paid value for the property, had no notice of defects or irregularities alleged by Plaintiff on January 5, 2012 when it took title, and at that crucial time the face of the docket showed that Plaintiff had made no filings opposing the foreclosure sale or proceedings. Thus, under *Klinger*, the Supreme Court of Florida made clear that the Defendant Kun He's title cannot be affected by alleged subsequent defects or irregularities of the proceedings.

31.     The Defendant Kun He has a valid title superior to the claims of Plaintiff as a bona fide purchaser for value without notice of Plaintiff's post-judicial sale objection to the proceedings in County Court.

32.     If a plaintiff in an action to quiet title fails to prove superior right and title it is error for a trial court to grant relief requested in a quiet title complaint. *Pacific American Ins. Co. v Red Door Motors*, 497 So.2d 721, 722 (Fla. 2 DCA 1986).

### , SECOND AFFIRMATIVE DEFENSE TO COUNT I – QUIET TITLE

33.     Plaintiff, through the Secretary of the Department of Housing and Urban Development ("HUD"), was served a copy of the Complaint in Hillsborough County Court Case No. 10-34561 at an authorized agent in Washington, D.C. on December 28, 2010. *See* Defendant's Exhibit "D".

34.     The Florida Rules of Civil Procedure do not specify a particular manner by which the United States of America or its Agencies must be served.

35.     There is no Act of Congress or other binding Federal authority which specifies the manner in which the United States of America or its Agencies must be served in a State action to foreclose a property which the United States or it Agencies owns.

36.     28 U.S.C. § 2410(b), requiring service upon the United States attorney for the district in which a foreclosure action takes place, is not applicable to this matter. That statute governs proceedings in which the United States "has or claims a mortgage or other lien." In the instant case, Plaintiff, through HUD, owned the property outright rather than possessing a lien. *Racquet Club Apartments at Bonaventure 4 South Condominium Association v. U.S. Secretary of Housing and Urban Development*, Case No. 12-60459-Civ-SCOLA n.2 (S.D. Fla. Aug. 9, 2012)

37. The service effected upon Plaintiff's authorized agent in Hillsborough County Court Case No. 10-34561 was reasonably calculated to effect service upon Plaintiff and was consistent with Florida law, and therefore valid. *Id.*, citing *Mid-Continent Cas. Co. v. Harbor Springs Const. & Dev., LLC*, 2010 WL 3385306, at *1 (M.D. Fla. Aug. 26, 2010), Fla. Stat. § 48.081(3)(a) (2012).

38. The Final Judgment of Foreclosure by the Hillsborough County Court is not void for lack of personal jurisdiction.

## THIRD AFFIRMATIVE DEFENSE TO COUNT I – QUIET TITLE

39. The foreclosure action is an *in rem* action in the state of Florida. *U.S. v. Begin*, 160 F.3d 1319, (Fla. 11th Cir. 1998).

40. *In rem* actions differ from *in personam* actions as they affect the interests of any and all persons in the subject property, including the interests of the Plaintiff whether they appear before the County Court or not. *Hanson v. Denckla*, 357 US 235 (1958).

41. If a cause of action requires the court to act directly on real property or on the title to real property, in is an in rem action. *Seven Hills Inc. v. Bentley*, 848 So.2d 345 (Fla. 1 DCA 2003).

42. A 'proceeding in rem' in a strict sense is one taken directly against property, having for its object the disposition of such property by authority of law, without reference to particular title of individual claimants thereto who become bound by

disposition of property. *State ex rel. South Brevard Drainage Dist v. Smith*, 170 So. 440 (Fla. 1936).

43.     The County Court was not required to have personal jurisdiction over the Plaintiff in an 'in rem' foreclosure action. In such an action, the basis of its jurisdiction is the presence of the subject real property within the territory of the State of Florida and Hillsborough County. *Hanson v. Denckla*, 357 US 235, 246 (1958).

44.     Therefore, it is immaterial whether the Plaintiff was served in Washington D.C. through its authorized agent or through any other agent of the Plaintiff, because actions *in rem* affect *any and all interests of any and all persons in the subject property* by virtue of the nature of the proceeding.

45.     Furthermore, jurisdictional authority exists over property *only in the circuit where the land is situated* when the property that is subject matter of the controversy is real and parties are seeking to act directly on the property or title thereto. *Ruth v. Department of Legal Affairs*, 684 So.2d 181 (Fla. 1996). This is referred to as the 'Local Action Rule."

46.     The Local Action Rule precludes a court that lacks in rem jurisdiction from transferring title. *Hammond v. DSY Developers, LLC*, 951 So.2d 985 (Fla. 3 DCA 2007).

47.     Consequently, the Local Action Rule precludes this federal Court from transferring title away from the Defendant Kun He, and into the hands of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE TO COUNT I – QUIET TITLE

48.   HUD took title to the subject property as stated in Paragraph 2 of the Complaint in this cause.

49.   Upon taking title to the subject property, HUD became liable for all condominium association assessments coming due, as well as all unpaid assessments that came due up to the time of transfer of title. Fla. Stat. § 718.116(1)(a) (2012).

50.   The condominium association possesses a lien on the subject property to secure the payment of assessments. Fla. Stat. § 718.116(5)(a) (2012).

51.   HUD failed to pay assessments to the condominium association, entitling the condominium association to foreclose its lien on the subject property.  Fla. Stat. § 718.116(6)(a) (2012).

52.   HUD took title to the subject property directly as a result of exercising its powers to insure mortgages under 12 U.S.C. Chapter 13, Subchapter II.  12. U.S.C. §§ 1707 et. seq.

53.   HUD "...shall, in carrying out the provisions of ... subchapters II, III, V, VI, VII, VIII, IX–B, and X, be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal," referring in part to the powers granted under 12. U.S.C. Chapter 13, Subchapter II.  12 U.S.C. § 1702.

54.   The Hillsborough County Court possessed original subject matter jurisdiction over the condominium association's lien foreclosure. Fla. Stat. § 34.01(c) (2012).

55.   HUD may not claim an exception to the County Court's subject jurisdiction through sovereign immunity, as such immunity has in this case been waived by an Act of Congress.

56.    County Court had jurisdiction to issue the Final Judgment of Foreclosure attached

hereto as Defendant's Exhibit "E".

WHEREFORE, Defendant respectfully requests that the Court grant the following

relief:

A.    Enter a Final Judgment confirming title of the subject property in

Defendant;

B.    Grant any and all further relief the Court deems just and proper.

Dated: ~~February 23, 2013~~

March 18, 2013 .

Respectfully Submitted,

LAW OFFICE OF GRANT D. WHITWORTH
Attorneys for Defendant
10014 N. Dale Mabry Highway, Suite 101
Tampa, FL 33618
Telephone:    (813) 842-6664
Facsimile:    (813) 864-6967

By:
Natalia (Grisales) Ouellette, Esq.
Co- Counsel John Lawless, Esq.
Florida Bar No. 68905
john@wtgl.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. Mail to
Steven M. Davis, Esq., 121 Alhambra Plaza, 10th Floor, Coral Gables, FL, 33134 on the 18th day of
March, 2013.

_____
Natalia (Grisales) Ouellette, Esq.

Defendant's Exhibit A

THIS IS NOT A

53,000⁰⁰

CERTIFIED COPY

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF
FLORIDA IN AND FOR HILLSBOROUGH COUNTY

GENERAL CIVIL DIVISION

CASE NO: 10-CC-034561  Division L

FILED

Clerk of Circuit Court

LAKE CHASE CONDOMINIUM ASSOCIATION INC

    PLAINTIFF(S)

11/29/2011 10:59 AM

vs.

Hillsborough County, FL

SECRETARY OF HOUSING AND URBAN DEVELOPMENT, et al

    DEFENDANT(S)

# CERTIFICATE OF TITLE

The undersigned Clerk of the Circuit Court certifies that he executed and filed a Certificate of Sale in this action on November 18, 2011, for the property described herein and that no objection to the sale has been filed within the time allowed for filing objections.

The following property in Hillsborough County, Florida:

THAT CERTAIN CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9442, BUILDING 29, OF LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH; AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK 14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968 THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH 2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

was sold to: MATERA HOMES, INC.

    914 LAKE SAPPHIRE

    LUTZ, FL 33548

WITNESS my hand and the seal of this court on November 29, 2011

Pat Frank
Clerk of the Court

Deputy Clerk

FELICIA PATTERSON

THIS INSTRUMENT PREPARED BY: Felicia Patterson
Pat Frank, CLERK OF THE CIRCUIT COURT
P O BOX 989, TAMPA FL 33601

RETURN TO CIRCUIT CIVIL

Defendant's
Exhibit
B

Prepared by and Return to:
Whitworth Title Group, Inc
Margaret Ohnmacht
3001 North Rocky Point, Suite 200
Tampa, Florida 33607
Our File Number: 2257

<u>For official use by Clerk's office only</u>

| | | |
|---|---|---|
| STATE OF Florida | ) | **SPECIAL WARRANTY DEED** |
| COUNTY OF Hillsborough | ) | (Corporate Seller) |
| | ) | |

THIS INDENTURE, made this January 5, 2012, between **Matera Homes, Inc, a Florida Corporation and Equity Heights, LLC, a Florida Limited Liability Company,** parties of the first part, and **Kun He,** whose mailing address is: 21 Berkham Road, Toronto, Ontario Canado, M1H2T1, party/parties of the second part,

W I T N E S S E T H:

First parties, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, do hereby grant, bargain, sell, aliens, remises, releases, conveys and confirms unto second party/parties, his/her/their heirs and assigns, the following described property, towit:

Unit No. 9642, Building No. 29, LAKE CHASE CONDOMINIUM, a Condominium together with an undivided share in the common elements appurtenant thereto, according to the Declaration of Condominium and all of its attachments and amendments, as recorded in Official Records Book 14750, Page 34, of the Public Records of Hillsborough County, Florida.

Parcel ID Number 003545 0606

Subject, however, to taxes for the current year and all subsequent years and all covenants, conditions, restrictions, reservations, limitations, easements and to all applicable zoning ordinances and/and restrictions and prohibitions imposed by governmental authorities, if any.
TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.
TO HAVE AND TO HOLD the same in fee simple forever.
AND the parties of the first part hereby covenant with said party/parties of the second part, that they are lawfully seized of said land in fee simple; that they have good right and lawful authority to sell and convey said land; that they hereby fully warrant the title to said land and will defend the same against the lawful claims of all persons claiming by, through or under the parties of the first part.

IN WITNESS WHEREOF, first parties have signed and sealed these present the date set forth on January 5, 2012.

Signed, sealed and delivered
in the presence of:

Matera Homes, Inc

_____ PRES _____(Seal)
Witness Printed Name    Lori Dec
by John Matera, President
Address:  P. O. Box 2706, Lutz, Florida 33548

Equity Heights, LLC

_____ _____(Seal)
Witness Printed Name  Melissa Wirch
by Ray Thomas, Manager
Address:  4326 W. El Prado, Suite 9, Tampa, Florida 33629

State of Florida
County of Hillsborough

THE FOREGOING INSTRUMENT was acknowledged before me this 5th day of January, 2012 by John Matera, President of Matera Homes, Inc, Ray Thomas, Manager of Equity Heights, LLC, , of , , of who are personally known to me or who have produced drivers license as identifications.

_____
Notary Public  Natalia Grisales
Print Notary Name



WHITWORTHTITLEGROUP.COM

NATALIA GRISALES
MY COMMISSION # DD 955280
EXPIRES: January 25, 2014
Bonded Thru Notary Public Underwriters

Defendant's
Exhibit
C

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back

Location  Hillsborough County, FL  Help

# CASE SUMMARY
## CASE NO. 10-CC-034561

| | | |
|---|---|---|
| LAKE CHASE CONDO ASSN INC VS SECRETARY OF HOUSING | § § § § § § | Case Type: **CC Enforce Lien** |
| | | Date Filed: **12/27/2010** |
| | | Location: **Division L** |
| | | Judicial Officer: **Gabbard, Jennifer X** |
| | | Uniform Case Number: **292010CC034561A001HC** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| Defendant | **DOE, JANE** | |
| Defendant | **DOE, JOHN** | |
| Defendant | **HOUSING AND URBAN DEVELPOMENT** | **STEVEN M DAVIS** *Retained* 305-262-4433(W) |
| Plaintiff | **LAKE CHASE CONDO ASSN INC** | **BRUCE M RODGERS** *Retained* 813-225-4106(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| Date | Event |
|---|---|
| 12/21/2010 | **COMPLAINT** *USER ID=MATHEWS* Party: LAKE CHASE CONDO ASSN INC |
| 12/21/2010 | **LIS PENDENS** *USER ID=MATHEWS* Party: LAKE CHASE CONDO ASSN INC |
| 12/27/2010 | **20 DAYS SUMMONS ISSUED** *PS. USER ID=MATHEWS* Party: LAKE CHASE CONDO ASSN INC |
| 12/27/2010 | **20 DAYS SUMMONS ISSUED** *PS. USER ID=MATHEWS* Party: LAKE CHASE CONDO ASSN INC |
| 12/27/2010 | **20 DAYS SUMMONS ISSUED** *PS. USER ID=MATHEWS* Party: LAKE CHASE CONDO ASSN INC |
| 12/27/2010 | **CONVERTED EVENT** *RCPT - RECEIPT. 27-DEC-2010,$330.00, User Id = COHNN, Receipt No = 1961003. USER ID=COHNN* Party: LAKE CHASE CONDO ASSN INC |
| 01/13/2011 | **20 DAYS SUMMONS RETURNED SERVED** *1/4/11 U S DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. USER ID=AFFOON* |
| 01/13/2011 | **SUMMONS RETURNED NOT SERVED** *JOHN DOE VACANT. USER ID=AFFOON* |
| 01/13/2011 | **SUMMONS RETURNED NOT SERVED** *JANE DOE VACANT. USER ID=AFFOON* |
| 01/31/2011 | **MOTION FOR DEFAULT AND DEFAULT ENTERED** *AGAINST SECRETARY OF HOUSING AND URBAN DEVELOPMENT. USER ID=BEARDENM* Party: HOUSING AND URBAN DEVELPOMENT |
| 06/24/2011 | **MOTION TO - FOR** *FINAL JUDGMENT OF FORECLOSURE AFTER DEFAULT AGAINST DEFT SECRETARY OF HOUSING & URBAN DVLPMT DEFT. USER ID=WESTN* |
| 08/23/2011 | **NOTICE OF HEARING** *10/5/11 AT 9:45 SECRETARY OF HOUSING DEFT. USER ID=CATULM* |
| 10/06/2011 | **CONVERTED EVENT** *S900 - CERTIFIED COPY ISSUED. FINAL JUDGMENT OF FORECLOSURE AFTER DEFAULT SENT TO MORTGAGE FORECLOSURE. USER ID=JONESMAR* |
| 10/06/2011 | **DEFAULT JUDGMENT** *OF FORECLOSURE, DOS: NOV 18, 2011 @2PM SECRETARY OF HOUSING & URBAN DEV, ET AL. USER ID=DAVENPRT* Party: HOUSING AND URBAN DEVELPOMENT |
| 10/06/2011 | **DEFAULT JUDGMENT** *OF FORECLOSURE, DOS: NOV 18, 2011 @2PM SECRETARY OF HOUSING & URBAN DEV, ET AL. USER ID=DAVENPRT* Party: DOE, JOHN |
| 10/06/2011 | **DEFAULT JUDGMENT** *OF FORECLOSURE, DOS: NOV 18, 2011 @2PM SECRETARY OF HOUSING & URBAN DEV, ET AL. USER ID=DAVENPRT* Party: DOE, JANE |
| 10/11/2011 | **CONVERTED EVENT** *CLOSE - CASE STATUS UPDATED. USER ID=RODRIGZ* |
| 10/15/2011 | **NOTICE OF SALE** *FREE PRESS. USER ID=DELAROSAA* |
| 11/18/2011 | **MORTGAGE FORECLOSURE SALE** (2:00 PM) (Judicial Officer Judge, Presiding) |
| 11/18/2011 | **PROOF OF PUBLICATION** *DOS 11/18/11 2PM* |

| | |
|---|---|
| | Date 2: 11/18/2011 |
| 11/18/2011 | **DEPOSIT IN MORTGAGE FORECLOSURE ACCOUNT** |
| | *GOOD FAITH $2,700.00* |
| | Party: MATERA HOMES, INC. |
| 11/21/2011 | **DEPOSIT IN MORTGAGE FORECLOSURE ACCOUNT** |
| | *REG FEE$810.00, DOC STAMPS $374.50, TOTAL BALANCE PAID$51,984.50* |
| | Party: MATERA HOMES, INC. |
| 11/21/2011 | **CERTIFICATE OF SALE** |
| 11/21/2011 | **CERTIFICATE OF MAILING** |
| 11/29/2011 | **CERTIFICATE OF TITLE** |
| 12/12/2011 | **CERTIFICATE OF DISBURSEMENTS** |
| 12/12/2011 | **CERTIFICATE OF MAILING** |
| 01/19/2012 | **MOTION TO QUASH** |
| | *SERVICE, VACATE DEFAULT, VACATE JUDGMENT, VACATE CERTIFICATE OF SALE AND CERTIFICATE OF TITLE* |
| | Party: HOUSING AND URBAN DEVELPOMENT |
| 01/23/2012 | **NOTICE OF HEARING** |
| | *2/1/12 AT 9:45* |
| | Party: HOUSING AND URBAN DEVELPOMENT |
| 01/31/2012 | **NOTICE OF CANCELLATION** |
| | *2/1/2012 @ 9:45* |
| 02/03/2012 | **LETTER FROM CLERK REQUESTING REOPEN FEE** |
| | *MAILED TO DEFENDANT'S ATTORNEY* |
| 02/03/2012 | **REOPEN FEE ASSESSED $50** |
| | Party: HOUSING AND URBAN DEVELPOMENT |
| 02/03/2012 | **NOTICE OF CANCELLATION** |
| | *2/1/2012 @ 9:45* |
| 02/03/2012 | **NOTICE OF FILING** |
| | *DEFT'S NOTICE OF REMOVAL* |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---:|
| | **Defendant** HOUSING AND URBAN DEVELPOMENT | | |
| | Total Financial Assessment | | 50.00 |
| | Total Payments and Credits | | 0.00 |
| | **Balance Due as of 03/18/2013** | | **50.00** |
| 02/03/2012 | Transaction Assessment | | 50.00 |

| | | | |
|---|---|---|---:|
| | **Plaintiff** LAKE CHASE CONDO ASSN INC | | |
| | Total Financial Assessment | | 400.00 |
| | Total Payments and Credits | | 400.00 |
| | **Balance Due as of 03/18/2013** | | **0.00** |
| 12/21/2010 | Transaction Assessment | | 1.00 |
| 12/21/2010 | Transaction Assessment | | 80.00 |
| 12/21/2010 | Transaction Assessment | | 0.50 |
| 12/21/2010 | Transaction Assessment | | 3.50 |
| 12/21/2010 | Transaction Assessment | | 15.00 |
| 12/21/2010 | Transaction Assessment | | 200.00 |
| 12/27/2010 | Transaction Assessment | | 10.00 |
| 12/27/2010 | Transaction Assessment | | 10.00 |
| 12/27/2010 | Transaction Assessment | | 10.00 |
| 12/27/2010 | Mail in payment      Receipt # 1961003 | LAKE CHASE CONDO ASSN INC | (330.00) |
| 11/18/2011 | Transaction Assessment | | 70.00 |
| 11/18/2011 | CHECK Mail in payment   Receipt # 08-00001778 | LAKE CHASE CONDO ASSN INC | (70.00) |

| | | | |
|---|---|---|---:|
| | **Successful Bidder** MATERA HOMES, INC. | | |
| | Total Financial Assessment | | 374.50 |
| | Total Payments and Credits | | 374.50 |
| | **Balance Due as of 03/18/2013** | | **0.00** |
| 11/21/2011 | Transaction Assessment | | 374.50 |
| 11/21/2011 | CHECK Mail in payment   Receipt # 08-00001916 | MATERA HOMES, INC. | (374.50) |

---

**Unofficial Record**

Defendant's
Exhibit
D



fl: CFF LAKE CHASE #9642-29

# AFFIDAVIT OF SERVICE

IN THE CIRCUIT COURT OF HILLSBOROUGH COUNTY, FLORIDA

PLAINTIFF LAKE CHASE CONDOMINIUM ASSOCIATION, INC.; et seq.
vs.
DEFENDANT  SECRETARY OF HOUSING AND URBAN DEVELOPMENT, ET AL,
DEFENDANT TO BE SERVED: U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

CASE NO 29 2010 CC 034561                    TYPE OF PROCESS   (x) SUMMONS & COMPLAINT (x) LIS PENDENS
DIVISION L                                                    ( ) OTHER

Received this process on the 12/28/2010 at 10:00 AM
I   (x) served   ( ) not served   the within named defendant.
DATE/TIME: 1/4/2011 10:59:00 AM _____        ADDRESS WHERE SERVED  451 7TH ST S.W.
                                                     (OR ATTEMPTED)        WASHINGTON, DC 20410

(x)            CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE: By delivering a true copy of the process with the
               date and hour of service endorsed by me and a copy of the complaint to:
               PINKEY ELLIOTT
               as AUTHORIZED LEGAL AGENT of said entity.

( )            In absence of the president, vice-president, other head of the corporation, cashier, treasurer, secretary, general manager, director, officer or
               business agent residing in the state as defined by F.S. 48.081.

( )            For failure of the Registered Agent to be his/her designated place for service pursuant to 48.091 and by serving the above named person
               as employee of said corporation at the corporation's place of business.

**Description of Person Accepting Service:**

| Sex: | Age: | Race: | Height: | Weight: | Hair |
|------|------|-------|---------|---------|------|
| FEMALE | 46-50 | BLACK | 6ft 0in - 6ft 3in | 291 lbs - 310 lbs | Brown |

               COMMENTS:

I hereby certify that I am over the age of 18, I am not a party to this action and have no interest in the process being served, and I am a Certified Process Server or
Special Process Server in good standing in the judicial circuit/county in which the process was served, and/or am otherwise duly authorized to have served process in
the jurisdiction where process was served.
**"Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true." F.S. 92.525**

X _____

Christian Miles
Special Process Server #:
County
STATE OF  wAshington  DC

COUNTY OF _____
Sworn to or affirmed and signed before me this ___ day of _January 2011_
(Seal)

                    _____
                         Signature of Notary Public

                    _____
                       Printed Name of Notary Public
                            Michael Molash
                    Notary Public, District of Columbia
                    My Commission Expires 7/14/2012

(x) Personally known
( ) Produced _____ as identification

IN THE COUNTY COURT OF THE 13ᵀᴴ JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE                                    CASE NO:      **# 1 0 . 3 4 5 6 1**
CONDOMINIUM ASSOCIATION, INC.

     Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

     Defendant(s)
_____ \

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant:

    SERVE:    U.S. Department of Housing and Urban Development
                 451 7ᵗʰ Street S.W.
                 Washington, D.C. 20410

    Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, whose address is:

                        Bruce M. Rodgers, Esq.
                        BUSINESS LAW GROUP, P.A.
                        301 W. Platt Street, #375
                        Tampa, FL 33606
                        (813) 258-8588

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

**IMPORTANT**

A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demand a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatemente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites Judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocet.  Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalment, en meme temps que cette formalite, faire parvenir ou expediter une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocet) nomme ci-dessous.

WITNESS my hand and Seal of said Court.

DATED on _____ DEC 2 7 2010 _____, 2010

As Clerk of said Court

By: _____

As Deputy Clerk

MICHAELA MATTHEWS

Defendant's
Exhibit
E



THIS IS NOT A CERTIFIED COPY

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

CASE NO: 10-CC-034561

DIVISION: L

    Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

    Defendant(s)

2011 OCT -6 AM 10:05
HILLSBOROUGH COUNTY FLA
COUNTY CIVIL
CLERK OF

## FINAL JUDGMENT OF FORECLOSURE AFTER DEFAULT

THIS CAUSE having come before the Court on October 5 , 2011, upon the

motion of Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. for the entry of a

final judgment of lien foreclosure after default, and the Court having reviewed the pleadings and

affidavits and being otherwise fully advised in the premises, the Court finds as follows:

    A.    The defendant has been duly and regularly served, and the Court has jurisdiction

over the parties and the subject matter of this action.

    B.    The Claim of Lien sued upon in this action is in default as alleged in the

complaint.

    C.    The Claim of Lien sued upon by LAKE CHASE CONDOMINIUM

ASSOCIATION, INC. in this action constitutes a valid lien upon the property therein described.

    D.    As to the defendant, there are no genuine issues of material fact, and plaintiff is

entitled to a judgment in is favor as a matter of law.

    E.    **IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE**

**ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO**

DISP REPORTED

UCT 6 - 2011

SRS

JD



RETURN TO
COUNTY CIVIL



THIS IS NOT A
CERTIFIED COPY

ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS
FINAL JUDGMENT.

    **F.**    **IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT
TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE
CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A
CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

    ORDERED AND ADJUDGED THAT LAKE CHASE CONDOMINIUM
ASSOCIATION, INC's motion for the entry of a final judgment of lien foreclosure against the
defendant is hereby GRANTED and that final judgment of foreclosure ("the Judgment") is
hereby entered in accordance with the terms that follow.

    1.    There is due and owing from the defendant, SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, to Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION,
INC. as of June, 2011, under the Claim of Lien the following sums:

| | |
|---|---:|
| (a) Past Due Assessments: | $10,569.17 |
| (b) Accrued Interest: | $ 1,743.19 |
| (c) Prior Legal Fees paid by Association | $ 763.24 |
| (d) Late Fees: | $ 716.49 |
| (e) Clerk's Filing Fee | $ 335.00 |
| (f) Service of Process | $ 165.00 |
| (g) Recording Fees: | $ 40.00 |
| (h) Title Search Fees: | $ 125.00 |
| **Subtotal** | $14,457.09 |
| Attorney's fees: | $ 3,760.00 |
| **TOTAL AMOUNT DUE:** | $18,217.09 |

    2.    Plaintiff has a Claim of Lien to secure the payment of the above sums against the
real, personal and other property located in Hillsborough County, Florida, including but not
limited to the realty, any building permits or development rights, furniture, furnishings, fixtures,

THIS IS NOT A CERTIFIED COPY

goods, equipment and inventory located on the above-described real property. Plaintiff's lien in and upon the real, personal and other property is prior, paramount and superior to all rights, claims, lien interests, encumbrances and equities of the defendant and all persons claiming by, through or under the defendant and the property will be sold free and clear of any claims whatsoever of the defendant.

3.  If the total sum with interest at the rate prescribed by law and all costs of this action accruing subsequent to this judgment are not paid within five (5) days from this date, the Clerk of the Court, after publication of notice required by Chapter 45 of the Florida Statutes, shall sell the following described property at public sale on November 18, 2011 at 2:00 pm to the highest and best bidder for cash, at the Hillsborough County Courthouse, Hillsborough County, Florida, in accordance with Section 45.031, Florida Statutes, except the clerk shall not conduct the sale unless Plaintiff or its representative is present to bid at the sale.

4.  The property to be sold is identified as follows:

THAT CERTAIN CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9642, BUILDING 29, OF LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH; AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK 14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968 THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH 2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

5.  Out of the proceeds arising from the sale of the property, the Clerk shall retain their fees and shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Court costs; second, documentary stamps affixed to the Certificate; third, the total sum due to Plaintiff as set forth in this Judgment plus interest at the rate prescribed by law from this date to the date of the sale.  If the property shall sell for more than enough to pay the above mentioned sums with interest, the Clerk shall retain the surplus and report to this Court for the Court's further order.

6.    Plaintiff will advance all subsequent costs of this action and be reimbursed for them by the clerk of this court if Plaintiff is not the purchaser of the property for sale.  If Plaintiff is the purchaser of the property for sale, the clerk will credit Plaintiff's bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

7.    Upon a sale being had in accordance with Chapter 45 of the Florida Statutes, and upon eh Clerk filing the Certificate of Sale and the Certificate of Title, the sale shall stand confirmed and the defendant and all persons claiming by, through or under them shall be forever barred and foreclosed of any equity or right of redemption whatsoever in and to the above described and the purchaser at the sale shall be let into possession of the property; further, any and all persons whosoever claiming against the subject property by virtue of any liens or other interests unrecorded as of the date of the filing of Plaintiff's Lis Pendens with the Clerk of this Court shall be forever barred from asserting any such liens or other interests, and any such liens or other interests shall be discharged forever, in accordance with the Florida Statutes.

8.    This Court retains jurisdiction of this cause for the purposes of making all other orders and judgments as may be necessary and proper, including but not limited to, deficiency judgments and writs of assistance, determining, claims to any surplus, avoiding supplementary attorney's fees, and granting such other relief as may be appropriate.

DONE AND ORDERED IN Chambers at _____,

Hillsborough County, Florida, this _____ day of _____, 2011.

_____
County Court Judge